IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A. HAUN,

        Plaintiff,

Vs.                          Case No. 08-4100-SAC

DONALD H. HAUN, SANDRA HAUN,
DONALD H. HAUN REVOCABLE
TRUST, and SANDRA HAUN
REVOCABLE TRUST,

        Defendants.

MEMORANDUM AND ORDER

This personal injury case, arising out of a truck rollover in Larned, Kansas, comes before the court on defendants' motion to transfer this case to Wichita, Kansas for trial. Plaintiff, who designated the place of trial as Topeka, Kansas, opposes the motion.

This court's local rule provides: "The court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." D.Kan. R. 40.2 (2007). "In considering a request for intradistrict transfer, the court looks to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a)." *Wiggans v. Hartford Life & Accident Ins.* Co., No. 02-2080-JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002) (citation omitted). These factors include: (1) "the

plaintiff's choice of forum"; (2) "the convenience for witnesses"; (3) "the accessibility of witnesses and other sources of proof"; (4) "the possibility of obtaining a fair trial"; and (5) all other practical considerations justifying a trial in another location. *Id.* (citation omitted). It is the moving party's burden to show that the designated forum is inconvenient. *Id.* (citation omitted).

"However, cases are generally not transferred between cities except for the most compelling reasons." *Mack v. Hawker Beechcraft Corp.*, 2007 WL 2746682, 1(D.Kan. 2007), citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). "[A] plaintiff's choice of forum should be respected and rarely disturbed." *Roberts v. Sedgwick County Sheriff's Dep't*, No. 02-2337-JWL, 2004 WL 726822, at *1 (D. Kan. April 2, 2004) (citation omitted).

Defendants desire to try the case in Wichita because they believe it is more convenient than Topeka for parties, counsel, and witnesses. Wichita is closer to the place where the defendants reside (Larned), where the accident occurred (Larned),where the witnesses to the accident are located (Larned), and where defendants' lead counsel resides (Hutchinson). Although Larned is approximately 140 miles from Wichita, it is approximately 210 miles from Topeka. Plaintiffs assert that Topeka is most

centrally located when the ease of travel for the multiple out of town witnesses is balanced against that of the witnesses from the Larned area. These include an expert from California, and potential damage witnesses from Larned, Great Bend, Wichita, Olathe, and Salina as well as from Albuquerque, New Mexico, and Rio Rancho, New Mexico. Those out of town can more economically fly to Kansas City and drive 60 miles to Topeka, than fly to Wichita.

Having weighed all of the relevant factors, the Court concludes that the defendants have not met their burden to show that the designated forum of Topeka, Kansas is inconvenient. However, defendants may timely reassert a motion to transfer in the event future developments in the case, including reductions in the number of out of state witnesses who will testify in person, significantly modify the conditions relevant to the court's determination of the place of trial.

IT IS THEREFORE ORDERED that defendants' motion to transfer trial of this case to Wichita, Kansas, is denied without prejudice to its reassertion.

Dated this 16th day of December, 2008.

                                        s/ Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge