IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A. HAUN,

          Plaintiff,

vs.                                     Civil Case No. 08-4100-SAC

DONALD H. HAUN, SANDRA HAUN,
DONALD H. HAUN REVOCABLE TRUST,
and SANDRA HAUN REVOCABLE TRUST,

          Defendants.

MEMORANDUM AND ORDER

     This personal injury case based upon diversity jurisdiction comes before the court on the plaintiff's motion for summary judgment on the issue of liability. Plaintiff contends that the defendants, his parents, were negligent as a matter of law in not properly lubricating the left front wheel hub of the truck in which he was injured during harvest. The court denies the motion.

**Summary Judgment Standard**

     On summary judgment, the initial burden is with the movant to point out the portions of the record which show that the movant is entitled to judgment as a matter of law. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992), *cert. denied*, 506 U.S. 1013, 113

S.Ct. 635, 121 L.Ed.2d 566 (1992). If this burden is met, the non-movant must set forth specific facts which would be admissible as evidence from which a rational fact finder could find in the non-movant's favor. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998). The non-movant must show more than some "metaphysical doubt" based on "evidence" and not "speculation, conjecture or surmise." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bones v. Honeywell Intern.*, 366 F.3d 869, 875 (10th Cir.2004). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**Facts**

The plaintiff is an adult son of the defendants who returned from his residence in New Mexico to defendant's home in Kansas in June of 2007 to assist with the wheat harvest, as he had done in previous years. Plaintiff grew up on the farm and had helped with harvest many times. On June 28, 2007, when the plaintiff was driving a truck full of wheat to the elevator, the

truck's left front tire and wheel disengaged, causing the truck to roll over and crash. As a result of the crash, plaintiff sustained serious injuries for which he received medical treatment.

Plaintiff's father, Donald Haun, had owned the truck, a 1977 International Navistar 4300, for approximately thirteen years before the accident. Plaintiff believes that his father generally maintained all of his equipment appropriately and enjoyed a good reputation in the community for maintaining his equipment. After 2002, Donald Haun used the truck only once or twice a year. It was not used at all during some harvests, as they had other trucks to haul grain. Donald Haun's practice was to start the truck up in the wintertime and drive it several miles to make sure everything was lubricated. He never noticed anything abnormal or unusual about how the truck rode, drove or operated. When the truck needed maintenance or repair to certain parts, Donald Haun had it done, including having the transmission repaired, changing the engine oil, fixing the right head lamp, repairing the exhaust pipe and brakes, getting a new muffler, etc.

Donald Haun did not recall and records do not reflect that any maintenance or repair was ever done to the truck's left front wheel during his ownership of it. Although Donald Haun was not told at the time he

3

bought the truck that its two front wheels required oil lubrication, his neighbors made him aware of that fact before the accident. He knew that the spindle cap on each front wheel contained a sight glass which a person could inspect to see whether the lubricant was at the proper level in the wheel bearing hub.

In preparation for each harvest, Donald Haun's habit was to walk around the truck and check its tires, batteries, oil and engine oil. This included looking to see if there was sufficient oil showing in the sight glass on its front wheel bearing hubs. During harvest, his practice was to check the lubricant levels, tire pressures, and the oil in the wheel sight glasses every few days.

Donald Haun specifically recalls having checked the lubrication levels for the front wheel bearings through the sight glasses, in preparation for the 2007 harvest. At that time, the sight glass on the right wheel was somewhat discolored from sitting out in the sun, but Donald Haun was able to see through it well enough to determine that its level of oil was between the two marks. The sight glass on the left wheel was more difficult to see through because it was hazier or more discolored. He looked at the oil level on the right front wheel and determined that it was all right. When he

checked the left front wheel, he thought he saw oil, but subsequently stated that it was "really hard to see through" the left sight glass. He also assumed that because the lubrication on the right side was at an appropriate level, the left side was probably adequate also. Donald Haun did not remove the rubber plug from the sight glass to check the lubrication level, either in 2007 or before.

Plaintiff had driven the same truck during prior harvests and had had no problems except once when its air brakes leaked. On June 25th, when he drove the truck to the elevator with his first load of wheat for the 2007 harvest, he noticed that the truck bed did not lift very well, so he added hydraulic fluid, which cured the problem. When the plaintiff lived on the farm, he maintained the equipment, along with his father. On June 26th and June 27th of 2007, the plaintiff drove the truck to the elevator with loads of wheat, without incident. He was aware that the truck had front wheel bearings, knew that it required different maintenance than other trucks, and knew that the lubricant could be checked by looking at the sight glass, but he never specifically checked the fluid levels other than to glance at them. He never saw any evidence that the truck was leaking any fluid or lubricant from its front wheels.

On the morning of June 28th, 2007, the plaintiff washed the truck with a hose while waiting for the field to dry out after a rain. That afternoon, when the plaintiff was driving a load of wheat to the elevator and had gone approximately three or three and one half miles from the field, he heard and felt an abnormal vibration in the truck for five to ten seconds. He continued to drive until approximately three miles later when the left front tire and wheel came off the truck and the accident occurred.

The parties agree that the crash occurred because the left front wheel disengaged from the truck due to the failure of the left front spindle and hub assembly. The parties also agree that lack of adequate lubrication of the left front wheel bearing caused the left front wheel, wheel hub and tire, to disengage from the truck. Disassembly revealed that internal components of the right front wheel hub were well lubricated and showed no signs of wear. It is undisputed that the plaintiff's injuries were suffered as a result of the accident.

**Choice of Law**

Federal jurisdiction in this case is based upon diversity. This court thus looks to Kansas law. "Federal courts sitting in diversity must apply the substantive law, including choice of law rules, of the state in which they sit.

(Citations omitted)." *Taylor v. Phelan*, 9 F.3d 882, 885 (10th Cir.1993). Kansas courts apply the rule of lex loci delicti, or place of injury, to determine which state's substantive law should apply to a tort claim. *See, e.g., Hawley v. Beech Aircraft Corp.*, 625 F.2d 991, 993 (10th Cir.1980). Here, because any negligent acts and the resulting injuries occurred in Kansas, the court applies Kansas law.

Under Kansas law, the questions of negligence and causation are almost always factual questions left to a jury.

> Whether an actor's conduct constitutes negligence is generally a factual question left to a jury. However, "in rare cases where the evidence is susceptible to only one possible inference," the trial court should not allow the jury to consider a party's alleged negligence. *Carl v. City of Overland Park, Kan.*, 65 F.3d 866, 869 (10th Cir.1995).

*Gust v. Jones*, 162 F.3d 587, 593 (10th Cir. 1998). *See Pedi Bares, Inc. v. First National Bank*, 223 Kan. 477, Syl. ¶ 3, 575 P.2d 507 (1978).Similarly, only in an extreme case does the evidence permit a conclusion on proximate cause as a matter of law. "Causation, like negligence, is an issue generally to be determined by the jury. (Citations omitted)." *Stetler v. Fosha*, 9 Kan.App.2d 519, 521-522, 682 P.2d 682, 685 (1984) (finding the trial court erred in granting partial summary judgment even though the plaintiff conceded he was speeding, questioning "whether it is ever proper

in a negligence action to grant partial summary judgment on a single element of cause when more than one cause is in issue.")

Because no pretrial order has yet been filed in this case, the complaint and answer govern the parties' claims and defenses. Two answers have been filed: one by the plaintiff's parents, and one by their revocable trust. Both answers include the defense of comparative negligence in stating: "Defendants deny any negligence on their part but request that if the Court should find negligence on the part of any person, party or entity, that that negligence be compared pursuant to K.S.A. 60-258a." Dk. 11, p. 2; Dk. 12, p. 2.

Here, the evidence presented to the court may or may not warrant a comparison of the plaintiff's fault. The plaintiff had driven the truck many times before the accident and was familiar with its operation. The plaintiff had grown up helping with the harvest and assisted his father in maintaining the equipment. He undertook the duty to maintain this particular truck at least in part during the 2007 harvest by telling his father it needed hydraulic fluid, then adding hydraulic fluid to it, which resolved the problem. He knew that the truck needed lubrication for its front wheel bearings, knew that the amount of lubricant could be checked by looking at

the sight glass, and glanced at the fluid level in them, but chose not to seriously examine them despite the fact they were apparently in plain sight. When driving the truck approximately three miles before the accident occurred, he heard and felt a vibration in the truck which he knew was abnormal. Although it lasted five to ten seconds, but dismissed it as having been caused by wind conditions and did not stop to investigate the problem or otherwise alter his driving in any way.

But even if no comparison of fault is warranted by the facts or is eventually pursued by the defendants, summary judgment on the issue of liability remains inappropriate. The evidence does not compel a finding, as a matter of law, that the defendants or either of them breached their duty of reasonable care. First, given the infrequent use of the truck, its mileage, the steps defendants took to maintain it over the years as well as immediately prior to the 2007 harvest, the absence of any prior problem with the wheels, and the defendant's viewing of lubricant in the sight glass or glasses a few days before the accident, the court cannot say that a reasonable farmer in Donald Haun's position should have done more. Secondly, his assumption that if there was adequate lubricant in the right wheel there was a similar amount in the left wheel has not been proven to

be either unreasonable or incorrect as a matter of law. Lastly, no evidence has shown that a reasonable farmer in Donald Haun's position would have removed the rubber cap from the sight glass for the purpose of viewing the lubrication level. Nor has the plaintiff shown that removing the rubber cap and looking down into the sight glass would permit an accurate determination of the lubrication level.

  Additionally, the question of causation remains for the jury. Although the experts agree that a lack of adequate lubrication of the left front wheel bearing caused the left front wheel, wheel hub and tire, to disengage from the truck, the evidence presented to the court fails to rule out possible causes of inadequate lubrication other than the defendant's negligence, if any, in maintaining the truck. No evidence shows that the mere failure to add lubrication to the truck's wheel hub during Donald Haun's ownership of it was negligent. Whether the amount of lubrication in the left wheel hub was low at the time Donald Haun inspected it prior to the 2007 harvest or whether that lubrication leaked out suddenly thereafter has not been shown. Additionally, the internal components of the right front wheel hub were well lubricated and showed no signs of wear. No explanation has been given why the right wheel would be lubricated while the left one was

not, despite the fact that Donald Haun maintained them in an identical manner, never lubricating one but not the other. For these and other reasons, plaintiff's claim that the defendants' failure to sufficiently lubricate the left front wheel hub of the truck proximately caused the accident cannot by sustained as a matter of law.

IT IS THEREFORE ORDERED that the plaintiff's motion for partial summary judgment (Dk. 46) is denied.

Dated this 1st day of July, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge